IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-MC-46-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIE CARROLL STEVENS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's motion to quash the subpoena served by Respondent on Dr. Rosalyn N. Newton ("Dr. Newton"), an employee of the Social Security Administration (SSA"). Respondent did not file a response to the Government's motion and the time for doing so has expired. For the reasons set forth below, the court will grant the Government's motion and quash the subpoena.

## BACKGROUND

Respondent purported to serve Dr. Newton with a subpoena directing her to appear in the District Court of Wayne County, North Carolina on October 22, 2014, to testify in a civil action captioned *State of North Carolina v. Willie Carroll Stevens,* No. 90-CVD-2328 (Wayne Co. Dist. Ct.). The Government removed the subpoena proceeding to this court on October 21, 2014, pursuant to 28 U.S.C. § 1442. The United States Attorney represents that the state court civil proceeding in which the subpoena was issued does not involve the United States and appears to be a child support matter brought by the State of North Carolina against Respondent

## DISCUSSION

The doctrine of sovereign immunity "precludes a state court, and in turn a federal court on removal, from exercising jurisdiction to compel a government employee to testify contrary to agency instructions." *Morgan v. Bagley*, No. 5:08-CV-217-BR, 2008 U.S. Dist. LEXIS 49225, at *2 (E.D.N.C. June 6, 2008) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)). Thus, a federal employee "may not be forced to comply with [a] subpoena [] if a valid regulation required them not to comply." *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998).; *accord Morgan*, 2008 U.S. Dist. LEXIS 49225, at *2.

Pursuant to 5 U.S.C. § 301, the SSA has promulgated regulations designed to deal with requests for testimony and documents from its employees regarding information obtained in the performance of their official duties. These regulations, set forth at 20 C.F.R. § 403.100 *et seq.*, prohibit the disclosure of information obtained in the course of employment, pursuant to a litigation request or demand, absent express approval of appropriate officials upon request by the party seeking the information. *See* 20 C.F.R. §§ 403.100, 403.105.

The subpoena at issue here is governed by the regulations set forth at 20 C.F.R. § 403.100 *et seq.* because it seeks testimony about information obtained by Dr. Newton in the performance of her official duties. As Respondent has not shown that he has obtained approval pursuant to the SSA's regulations, Dr. Newton is prohibited from providing the testimony sought by Respondent's subpoena.

## CONCLUSION

For the foregoing reasons, the Government's motion is GRANTED and Respondent's subpoena directed to Dr. Newton is QUASHED. The Clerk is DIRECTED to serve a copy of

this order on the Clerk of Superior Court of Wayne County, North Carolina, and to close this matter.

This 14th day of November 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge